UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAY KIMBALL HEALTHCARE, INC. and ERICA J. KESSELMAN, M.D.,<br><br>Plaintiffs<br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY F/K/A DARWIN SELECT INSURANCE COMPANY and STEADFAST INSURANCE COMPANY,<br><br>Defendant | Case No. 3:19CV1521(KAD) |

**MEMORANDUM OF DEFENDANT STEADFAST INSURANCE COMPANY IN SUPPORT OF ITS MOTION TO DISMISS**

The defendant Steadfast Insurance Company ("Steadfast") respectfully submits this memorandum of law in support of its motion to dismiss all claims against it in this action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Coverage under the Steadfast Policy is only for Claims that are first made against an Insured during the Policy Period of October 1, 2012 to October 1, 2013. It appears from the face of the Complaint that the Claim at issue in this action was first made against the Insureds on November 3, 2015, more than two years after the Policy Period had expired. For this reason, the plaintiffs' claims against Steadfast fail as a matter of law and should be dismissed.

**The Underlying Matter**

The facts on which Steadfast's motion is based are not disputed and, indeed, they are affirmatively alleged in the plaintiffs' Complaint. The plaintiffs seek insurance coverage for Loss on account of a civil action pending in the Connecticut Superior Court captioned, *Meagan Corona, Individually and Estella Tabor PPA Meagan Corona v. Day Kimball Healthcare, Inc., et al.*,

Docket No. X07-HHD-CV15-6075511 (the "Underlying Action"). [Complaint, ¶1]. The plaintiffs affirmatively allege that the Complaint in the Underlying Action was filed on November 3, 2015. [Complaint, ¶17].

**Relevant Policy Provisions**

The defendant, Darwin Select Insurance Company ("Darwin"), issued Policy No. 0305-9808 to Day Kimball Healthcare, Inc. (the "Darwin Policy"). [Complaint, ¶3]. A copy of the Darwin Policy is attached to the Complaint as Exhibit B. [Complaint, ¶28]. Subject to its terms and conditions, the Darwin Policy provides professional liability coverage only for Claims that are first made against an Insured during the Policy Period. The applicable Insuring Agreement provides that coverage is provided for Loss arising from a Claim alleging a Medical Professional Incident, "*provided always that . . . such Claim is first made against the Insured during the Policy Period or any applicable Extended Reporting Period*." [Complaint, Ex. B] (emphasis added). The Policy Period stated in the Darwin Policy is October 1, 2012 to October 1, 2013. [Complaint, Ex. B].

Steadfast issued Health Care Excess Liability Policy No. HPC 5969884 01 (the "Steadfast Policy") to Day Kimball Healthcare, Inc. [Complaint, ¶5]. A copy of the Steadfast Policy is attached to the Complaint as Exhibit C. [Complaint, ¶35]. The Steadfast Policy is a follow form excess policy which incorporates the terms and conditions of the underlying Darwin Policy. The Insuring Agreement of the Steadfast Policy provides that "[e]xcept as otherwise provided by the specific terms contained in this policy, the insurance afforded by this policy shall follow all the terms, conditions, definitions and exclusions of the 'governing underlying insurance policy' designated in Item 6 of the Declarations." [Complaint, Ex. C]. The "governing underlying insurance policy" designated in Item 6 of the Declarations is the Darwin Policy. [Complaint, Ex.

C]. The Policy Period stated in Item 2 of the Declarations to the Steadfast Policy also is October 1, 2012 to October 1, 2013. [Complaint, Ex. C].

## Argument

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Adams v. Allstate Ins. Co.*, 276 F.Supp.3d 1 (D.Conn. 2017), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint in this action manifestly fails to do so. Based on the plaintiffs' own allegations, the Claim in question was first made long after the end of the Policy Period. Therefore, the Complaint should be dismissed. Under a policy such as the policies at issue here, coverage is provided only for claims that are first asserted against the insured during the policy period. *Gulf Ins. Co. v. Murdock Claim Mgmt. Corp.*, 2009 WL 2872511at *3 (Ct.Sup.Ct. Aug. 4, 2009). The Court may properly consider the terms of the Darwin and Steadfast Policies in ruling on this motion because copies are attached to the Complaint as exhibits. *Holloway v. King*, 161 Fed.Appx. 122, 124 (2d Cir. 2005).

The plaintiffs allege that the medical incident giving rise to the Underlying Action occurred on August 7, 2013 [Complaint, ¶15] and that on August 8, 2013 they gave notice of the incident to their primary insurer, Lexington Insurance Company ("Lexington"). [Complaint, ¶22]. However, they do not allege that they gave notice either to Darwin or to Steadfast. The Complaint therefore fails to allege a factual matter sufficient to state a plausible claim for relief. The alleged notice to Lexington under the primary policy is insufficient to preserve coverage under the excess policies issued by Darwin or Steadfast because the Darwin Policy expressly provides in Condition IV.D.4

C]. The Policy Period stated in Item 2 of the Declarations to the Steadfast Policy also is October 1, 2012 to October 1, 2013. [Complaint, Ex. C].

## Argument

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Adams v. Allstate Ins. Co.*, 276 F.Supp.3d 1 (D.Conn. 2017), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint in this action manifestly fails to do so. Based on the plaintiffs' own allegations, the Claim in question was first made long after the end of the Policy Period. Therefore, the Complaint should be dismissed. Under a policy such as the policies at issue here, coverage is provided only for claims that are first asserted against the insured during the policy period. *Gulf Ins. Co. v. Murdock Claim Mgmt. Corp.*, 2009 WL 2872511at *3 (Ct.Sup.Ct. Aug. 4, 2009). The Court may properly consider the terms of the Darwin and Steadfast Policies in ruling on this motion because copies are attached to the Complaint as exhibits. *Holloway v. King*, 161 Fed.Appx. 122, 124 (2d Cir. 2005).

The plaintiffs allege that the medical incident giving rise to the Underlying Action occurred on August 7, 2013 [Complaint, ¶15] and that on August 8, 2013 they gave notice of the incident to their primary insurer, Lexington Insurance Company ("Lexington"). [Complaint, ¶22]. However, they do not allege that they gave notice either to Darwin or to Steadfast. The Complaint therefore fails to allege a factual matter sufficient to state a plausible claim for relief. The alleged notice to Lexington under the primary policy is insufficient to preserve coverage under the excess policies issued by Darwin or Steadfast because the Darwin Policy expressly provides in Condition IV.D.4

that "[n]otice to any of the underlying insurers of matter listed in D.1[1] or D.3 will not be deemed sufficient to establish reporting or notice to the **Insurer**." [Complaint, Ex. B].

The plaintiffs also reference Condition IV.F.1. of the Darwin Policy, which provides in pertinent part that Related Claims are deemed to have been made as of "the date on which written notice was first given to any **Insurer** of an act, error, omission or Occurrence which subsequently gave rise to any of the Related Claims. . ." [Complaint, ¶30]. However, "Insurer" is defined in Definition II.Q. of the Darwin Policy as "the Company identified in the Declarations." [Complaint, Ex. B]. The only Companies identified in the Declarations are Darwin National Assurance Company and Darwin Select Insurance Company. For this reason, the alleged notice to Lexington fails to preserve coverage under the Darwin or Steadfast Policies. There is nothing in Condition IV.F.1. that overrides the express provision in Condition IV.D.4. that notice to an underlying insurer does not constitute notice under the excess policies.

## Conclusion

For the foregoing reasons, Steadfast's motion to dismiss should be allowed. The Claim at issue was filed long after the Policy Period was over and there are no facts alleged under which the Claim could be related back to the Policy Period. Therefore, it is clear as a matter of law that the Underlying Action is not covered under the Steadfast Policy.

By moving to dismiss on this basis, Steadfast does not waive any additional defenses to coverage. In particular, it appears from the allegations of the Complaint that the Underlying Action was not reported to Steadfast until March 24, 2017, three and a half years after the Policy Period was over. [Complaint, ¶24]. Steadfast reserves all rights based on late notice. Given the follow

---

[1] Condition IV.D.1. of the Darwin Policy requires prompt notice of any circumstances involving, *inter alia*, any brain damage or other birth related injuries. [Complaint, Ex. B].

form nature of the coverage, Steadfast also incorporates and relies on the arguments made by Darwin in support of its motion to dismiss.

|  |  |
|---|---|
| Dated : October 17, 2019 | STEADFAST INSURANCE COMPANY,<br><br>By its attorneys,<br><br>/s/ Dominic Spinelli<br>PEABODY & ARNOLD LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>Phone: (617) 951-2100<br>Fax: (617) 951-2125<br>Email: dspinelli@peabodyarnold.com |

## CERTIFICATE OF SERVICE

I, Dominic Spinelli, hereby certify that on this 17th day of October 2019 I caused a true copy of the foregoing document to be served electronically upon all counsel of record by CM/ECF.

/s/ Dominic Spinelli
Dominic Spinelli

1655247_1